IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,       )
                                )    2:00-cr-00547-GEB
              Plaintiff,        )
                                )
       v.                       )    ORDER DENYING DEFENDANT'S
                                )    MOTION FOR TERMINATION OF
MARC TURNER,                    )    SUPERVISED RELEASE
                                )
              Defendant.        )
_____)

        Defendant moves *in propria persona* for the termination of his supervised release under 18 U.S.C. 3583(e), arguing the term of his supervised release has run during his detention pending a civil commitment hearing under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248 ("the Adam Walsh Act"). (Def's Mot. ("Mot.") 1.) Defendant states in his motion:

        The day of his [expected] release the defendant was certified by the Federal Bureau of Prisons . . . as a "sexually dangerous person" under 18 [U.S.C.] 4248, civil commitment of a sexually dangerous person. Due to this certification being filed the defendants [sic] release has been stayed. He has been held in pre-trial civil detention since his sentence expired on 9-7-2007.

Id.

        The government counters that Defendant's "term of supervised release has not begun" because Defendant "has not been 'released from imprisonment,' the statutory trigger for the commencement of supervised

1

release under [18 U.S.C. s]ection 3624(e)." (Pl.'s Opp'n ("Opp'n") 1:22-25, 2:24-27.)

18 U.S.C. § 3624(e) governs the commencement of a defendant's supervised release term. It provides in relevant part:

> A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. **The term of supervised release commences on the day the person is released from imprisonment** and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

(emphasis added).

The Adam Walsh Act permits the civil commitment of certain persons, including those "who [are] in the custody of the Bureau of Prisons," when they are determined to be "sexually dangerous." 18 U.S.C. § 4248(a). This civil commitment process is initiated when "any individual authorized by the Attorney General or the Director of the Bureau of Prisons . . . certif[ies] that the person is a sexually dangerous person, and transmit[s] the certificate to the clerk of the court for the district in which the person is confined." Id. "A certificate filed under [§ 4248(a)] shall stay the release of the person pending completion of the procedures contained in [the statute]." Id.

Defendant admits in his motion that the Federal Bureau of Prisons filed a civil commitment proceeding against him under the Adam Walsh Act by certifying that he is a "sexually dangerous person" on the "day of his release," which stayed his release from custody. (Mot. 1.) Since Defendant's release from custody has been stayed under § 4248(a), Defendant's period of supervised release has not yet commenced. See

2

<u>U.S. v. Bolander</u>, No. 01-CR-2864-L, 2010 WL 5342202, at *3 (S.D. Cal. Dec. 21, 2010) (quoting <u>United States v. Johnson</u>, 529 U.S. 53, 58 (2000) as follows: "Release takes place on the day the prisoner is in fact freed from confinement."). Therefore, Defendant's Motion to Terminate Supervised Release is DENIED.

Dated:  January 13, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge